## Hoag vs. Hatch.

The rule in this state, that in civil, as well as in criminal cases, where there are several counts in a declaration, and a general verdict is rendered thereon, judgment will not be arrested, if any of them are good, differs from the rule in England, in civil actions, where a motion in arrest will prevail, if any of the counts are bad.

In order to render words, charging a crime, or offence, actionable of themselves, it is not sufficient that they impute to a person merely the violation of a penal, or criminal, law, but they must charge him with an offence, which involves moral turpitude, or would subject him to an infamous punishment.

The plaintiff, in one count of his declaration, alleged that the defendant charged him with " having paid to one of the electors of the town of S," who was named, " money to secure the plaintiff's election as a justice of the peace ;" and, in another count, with " having bought rum, and given it to some of the electors of that town, to secure his election to said office, and with having bought rum, and distributed it to secure his said election," but alleged no spe-

Hoag *v.* Hatch.

cial damage to the plaintiff. Held, that the words, laid in such count, imported not only an offence, punishable by the seventeenth section of the " Act relating to Electors and Elections," (Stat. 1849, tit. xi., ch. 2,) but one, involving moral turpitude.

Where the plaintiff claimed to have proved, that the defendant spoke the words aforesaid of the plaintiff, in reference to his election to said office, and the defendant requested the court to instruct the jury, that said words did not import a criminal charge, under the statute, and were not actionable, *per se,* and without proof of special damage; but the court refused to comply with this request, and instructed the jury to find whether the defendant spoke the words alleged in the declaration, and if so, whether he thereby imputed to the plaintiff the crime set forth therein : it was held, that such course was correct.

THIS was an action of slander, tried before the superior court, for the county of Fairfield, February term, 1855.

The declaration contained six counts,—only two of which, the second and fifth, are material to the present case. In the second count, the plaintiff alleged that "the defendant had a certain discourse of, and concerning, the plaintiff, and of, and concerning, his election to the office of a justice of the peace, at an electors' meeting, held in the town of Sherman, on the first Monday of April, 1852, and then and there falsely and maliciously uttered and published, in the presence and hearing of sundry persons, of and concerning the plaintiff, and of and concerning his, the plaintiff's, election as a justice of the peace, at said electors' meeting, the following false, scandalous, and defamatory words, *viz.*, " Hoag," meaning the plaintiff, "had paid Isaac Hatch money to secure his," meaning the plaintiff's, " election,"—meaning that the plaintiff had paid Isaac Hatch and other electors of said Sherman, money for voting for him, the plaintiff, as a justice of the peace, at said electors' meeting; " Hoag," meaning the plaintiff, " had sent money by Joel Joyce to Hatch," meaning Isaac Hatch, "to secure his," meaning the plaintiff's, "election to the office of a justice of the peace, at the electors' meeting, holden at Sherman, on the first Monday of April, 1852;" " Hoag," meaning the plaintiff, " had sent money by Joel Joyce to Hatch," meaning Isaac Hatch, "to buy votes,"

thereby meaning that the plaintiff had given money to certain of the electors of said Sherman, for their votes for him for a justice of the peace, at said electors' meeting, and was guilty of bribery at election."

In the fifth count, the words were charged as follows: " Hoag," meaning the plaintiff, "bought rum of Isaac Hatch, and gave the same to some of the electors in Sherman, to secure his," meaning the plaintiff's " election," thereby meaning that the plaintiff gave rum to some of the electors of Sherman, to induce them to vote for him, the plaintiff, as a justice of the peace, at said electors' meeting; " Hoag," meaning the plaintiff, " bought rum and distributed it, to secure his election," thereby meaning that the plaintiff gave, by way of gratuity, rum to certain of the electors of Sherman, for voting for him for justice of the peace, at the electors' meeting, held at said Sherman, on the " first Monday of April, 1852."

The defendant pleaded the general issue, with notice of special matter to be given in evidence.

Upon the trial, the plaintiff introduced evidence to prove, and claimed that he had proved, in support of the first five counts in the declaration, that the defendant, speaking of the election of the plaintiff in the manner set forth in the declaration, said of him, " he sent money to Isaac Hatch to buy rum to secure his election,"—" he sent money to Isaac Hatch's to buy rum with to buy votes,"—" he sent money, by Joel Joyce, to Isaac Hatch's, to buy rum to buy votes to secure his election," without any evidence of special damage.

The defendant claimed, that the words aforesaid, did not import a criminal charge, at all, under the statute, and if they did, they were not actionable, *per se*, and without proof of special damage, as they did not charge an offence infamous in itself, but an offence which was created by statute only, and requested the court so to charge the jury. The court did not so instruct them, but submitted the case to them, to find whether the defendant spoke the words set forth

in the declaration, and if so, whether he thereby imputed to the plaintiff the crimes set forth.

The jury having rendered a verdict in favor of the plaintiff, the defendant moved for an arrest of judgment, for the insufficiency of the declaration; and also moved for a new trial, for misdirection to the jury.

*Butler & Carter*, and *W. F. Taylor*, in support of the motion.

I. The judgment should be arrested, because the first four counts do not aver that any violation of the statute was committed. The words, alleged to have been spoken, do not charge that the defendant "offered money, or other thing," to any voters, by way of "gift, fee, or reward, for giving, or refusing to give, a vote" for him, as justice of the peace, or that he proffered "any gratuity, reward, or preferment, for any vote given, or to be given." They allege the paying, giving, sending of money to Isaac Hatch, not to secure Hatch's vote, but to be used by Hatch to buy rum, or votes, to secure the plaintiff's election.

The fifth count does not import anything more, than, that he treated with rum, some of his personal, or party friends, who, he knew, would vote for him. The words must charge some overt act; the actual commission of the offence.

II. A new trial should be granted, because the words proved, and relied on, do not charge any act to have been done by the plaintiff, or Hatch, which would make them answerable to the penalties of the statute.

If the words used did import a violation of the statute, the offence itself is not of such a character, as to make them actionable, *per se.*

It can not be said that a charge of violating any, and every statute, is actionable. The rule adopted by the court in *Barker* v. *Coffin*, 5 Johns., 190, is as broad, as can safely be adopted.

*Hawley*, and *Belden*, and *Loomis & Warner*, contra, cited, 1 Sw. Dig., 489, 490. *Miller* v. *Parish*, 8 Pick., 38. *Chaddock* v. *Briggs*, 13 Mass. R., 48. *Frisbie* v. *Fowler*, 2 Conn. R., 707. *Chapman* v. *Gillett*, 2 Conn. R., 40. *Lyman* v. *Wetmore*, 2 Conn. R., 42. 13 Johns. R., 124.

STORRS, J.    The verdict, in this case, was rendered for the plaintiff, and damages assessed, on the first five counts, collectively, and on the sixth count, separately. The motion, in arrest of judgment, is not pursued as to the sixth count, which is confessedly good. Respecting the first five counts, judgment should not be arrested on them, if any of them are sufficient; the rule here being that, in civil as well as criminal cases, on a motion in arrest of judgment, where there are several counts and a general verdict, judgment will not be arrested if any of them are good, and differing, in this respect, from the rule in England in civil cases, where a motion in arrest will prevail, if any of the counts are bad.

Under the rule, thus established here, the motion in arrest of judgment, on the first five counts, should not prevail; because, whatever might be thought of the sufficiency of the first, third and fourth counts, we are clearly of opinion that the second and fifth counts are good. The words, as laid in each of these two counts, plainly charged the plaintiff with a violation of the provision, punishing bribery at elections, contained in the seventeenth section of the " Act, relating to Electors and Elections." Rev. Stat. 1849, tit. xi., ch. 2, § 17, p. 320. Such is their clear and natural import. In the former of these counts, the words, in connection with the averments, and innuendoes, accompanying them, charge the plaintiff with having paid to one of the electors, of the town of Sherman, who is named, money to secure the plaintiff's election, as a justice of the peace, and in the latter, with having bought rum, and given it to some of the electors of that town, to secure his election to said office, and with having bought rum and distributed it to secure his said elec-

tion; and these charges are not qualified by any accompanying words. To hold, as the defendant claims, that the words laid in the second count, import only that the plaintiff had furnished money to Hatch, for the purpose of enabling him to buy votes for the plaintiff for said office, but that it did not appear that the money was used for that purpose, or that those, laid in the fifth count, only import that the plaintiff treated some of the electors with rum, after the election, for having voted for him, would be a palpable perversion of the language of the defendant. None of the words, laid in the fifth count, are fairly susceptible of the meaning thus attached to them by the defendant; and although insulated portions of those, charged in the second count, admit of the construction claimed by him, yet they do not at all qualify the meaning of other words in the same set, which clearly import that the plaintiff had paid, and sent, money to the voter therein named, for the purpose of inducing him to vote for the plaintiff.

The remaining objection, to these counts, is general in its character, and applies to both of them. The defendant claims that words, charging a person with a violation of the seventeenth section of the act, which has been referred to, are not actionable, *per se*, because the offence, prohibited by it, neither involves moral turpitude, nor subjects the offender to an infamous punishment; and that, as no special damage is alleged in these counts, they are insufficient. We are induced to adopt the principle relied on by the defendant, that, in order to render words, charging a crime, or offence, actionable of themselves, it is not sufficient that they impute to a person merely the violation of a penal, or criminal law, but that they must charge him with a crime, which involves moral turpitude, or would subject him to an infamous punishment. But this principle does not aid the defendant in this case; for the offence of bribery, imputed to the plaintiff, involves, in our opinion, moral turpitude, in a very high degree, as it is calculated, and designed, to impair the purity

Hoag *v.* Hatch.

of the elective franchise, by corrupting the integrity, and destroying the independence, of those who exercise it, and thus to prevent a free and honest expression of the public sentiment at the ballot-box, which is the very foundation and support of our government.

The motion, in arrest of judgment, should therefore be overruled.

The defendant also moves for a new trial, for error in the charge of the court below. If the question, whether words, imputing to the plaintiff a violation of the law which has been mentioned, are actionable of themselves, was properly made by the defendant on the trial, it results, from what has been said, that the court below did not err in not charging, as requested by the defendant, nor do we think that the charge, in other respects, was wrong. The evidence, as to the words claimed to be proved, was received without objection, and no question of variance, between the words, as laid and proved, was raised. Nor was any point made as to the propriety of the innuendoes. If the words proved constituted only a part of those laid, and were not actionable, it would probably have been competent for the defendant to insist, that they should be excluded from the consideration of the jury, as a ground of recovery; or, if all of the words laid in any one count, had not presented an actionable charge, the defendant might have requested a verdict on that particular count, so as to have raised the question as to its sufficiency : but no such points were made on the trial.

A new trial should not be granted.

In this opinion the other judges concurred, except WAITE, C. J., who was disqualified.

A new trial not granted.