### PALMER A. BROWN *vs.* CALVIN WILCOX.

Second Judicial District, Norwich, May Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The use of unnecessary counts is contrary to the spirit of the Practice Act and should be discountenanced by the trial courts.

A single cause of action upon a written instrument imposing a possible

two-fold obligation ought not to be divided and stated in two counts. But if that course is followed and no objection is raised, the plaintiff should not be precluded from introducing the writing in evidence merely because the entire obligation is not alleged in either count. Under such circumstances, and to avoid the objection of a variance, the two counts may properly be treated as but one.

In an action against the indorser of a non-negotiable note the plaintiff alleged, in one count, that the defendant guaranteed payment of the note until it was paid; and in another that he agreed to and did become liable as maker. *Held* that a written indorsement to the effect that the indorser guaranteed payment of the note until paid, and agreed to be liable and to pay as if he had signed the note as maker, might be construed as an absolute guaranty, and as such was admissible in evidence under the first count.

Argued May 29th—decided July 13th, 1900.

ACTION to recover the amount of a non-negotiable promissory note, brought to the Superior Court in New London County and tried to the jury before *Thayer, J.;* verdict and judgment for the plaintiff, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

In January, 1878, the defendant indorsed in blank and delivered to the plaintiff a writing, a copy of which is as follows:—

"NORWICH, CONN., January 1, 1876.

" On demand for value received I promise to pay Calvin Wilcox five hundred dollars with interest.

"GORDON WILCOX."

For this note he received from the plaintiff a note for $450, which the latter held against him, and a sum of money to make up the difference between the two. This suit is brought upon the indorsement.

The complaint contains three counts. The first alleges that the note was indorsed by the defendant to the plaintiff in blank, and that it was then agreed between them that " said note was to remain on interest and become due and payable at the pleasure of the plaintiff, and on demand by him of the maker." The second alleges that when he in-

dorsed the note the defendant "guaranteed payment of the same to the plaintiff until paid." The third is based upon the claim that when he indorsed it he "agreed to become liable, and did become liable to the plaintiff to pay said note" the same as if he "had signed said note as maker."

The answer to each count consists of three defenses, being in substance (1) a general denial; (2) the statute of limitations; and (3) payment by the maker of the note. The reply denied the alleged payment, and as to the answer of the statute of limitations set up new promises and acknowledgments within the statutory periods, and payments on account made by the defendant within said periods. The rejoinder denied the alleged promises, acknowledgments and payments.

Before the trial the plaintiff, in compliance with an order of court to state in writing the contract which he claimed should be written over the signature of the defendant upon the note in question, wrote the following: "I guarantee payment of this note to Palmer A. Brown until it is paid, and I agree to be liable and pay said note to him the same as if it was my note and I had signed it." It was agreed upon the trial that these words should be treated as if written over the blank indorsement.

The plaintiff testified that at the time the notes were exchanged the defendant said to him : "If you will exchange those notes I will become responsible and pay the note, pay you your money on the note just the same as though the note was mine, and I will guarantee it until you get your money on it." This was the only testimony offered by the plaintiff tending to prove the special contracts alleged in the complaint. To this testimony the defendant objected, because it showed a contract to guarantee, and also one to become liable as maker, while the complaint, although it contained a count on a guarantee and one on a liability as maker, contained no count on both, and therefore the evidence was not admissible under any one count of the complaint. The court admitted the testimony and the defendant excepted. Upon the trial the defendant claimed, in substance, (1) that the contract of indorsement testified to by the plaintiff was

materially different from the written contract; (2) that each of said contracts differed materially from the contract alleged in any count of the complaint, and evidence of either of them was inadmissible under any of said counts; and (3) that if the jury found that the contract made by the defendant was one of guarantee merely, or was one of absolute liability as maker merely, such contract would be materially variant from the written contract, and the plaintiff could not recover upon any such contract under the present complaint. The court did not charge in accordance with these claims. The errors assigned relate to the ruling aforesaid, and to the charge of the court.

*Frank T. Brown*, for the appellant (defendant).

*Donald G. Perkins*, for the appellee (plaintiff).

TORRANCE, J. The rights and duties of the parties in this case are to be determined by the law relating to the indorsement of non-negotiable notes which prevailed when the indorsement in question was made, and not by that law, as it now is, under the negotiable instruments law. When this indorsement was made it implied, *prima facie*, a contract on the part of the indorser "that the note is due and payable according to its tenor, that the maker shall be of ability to pay it when it comes due, and that it is collectible by the use of due diligence." *Perkins* v. *Catlin*, 11 Conn. 213; *Ransom* v. *Sherwood*, 26 id. 437; *Ætna Nat. Bank* v. *Charter Oak Life Ins. Co.*, 50 id. 167.

The parties in such a case were, however, at liberty to make a contract of indorsement different from the one implied by law, and, if this was done, the plaintiff in a suit upon a blank indorsement of this kind was allowed to prove such special indorsement if he could, and might be required by the court to write it over the signature of the indorser. *Castle* v. *Candee*, 16 Conn. 223; *Ætna Nat. Bank* v. *Charter Oak Life Ins. Co.*, *supra*.

In the case at bar the plaintiff claimed that the contract

óf indorsement was a special one, differing from the one implied by law, and he was ordered by the court to write it over the defendant's signature on the note, and he in effect complied with the order. After this was done the plaintiff was not at liberty to prove any special contract materially different from the written one; and if the written one was proved to have been made, yet if it differed materially from the contract alleged in the complaint, the plaintiff, without amending his complaint, could not recover in this action. The testimony of the plaintiff, to which the defendant objected, clearly tended to prove the existence of the contract as written, and was admissible for that purpose; but the defendant objected to the admission of the written contract in evidence, and to the admission of any evidence concerning it, on the ground that there was a material variance between the written contract and the contract alleged in any count of the complaint. The defendant's claim, in brief, was, that the written contract, if it had any validity, imposed upon the defendant the obligation, first of an absolute guarantor of the note, and second of a maker of the note; and that as no contract of this kind was alleged in any one count of the complaint, the written contract could not be proved under any one count and therefore could not be proved at all.

If we assume that the written contract imports what the defendant says it does, still it does not follow that the trial court erred in permitting it to be proved under this complaint. The first count may be laid out of consideration, as it appears by the record to have been abandoned during the trial; but if the so-called second and third counts can be regarded as one count, they allege a contract which does not materially differ from the written contract as the defendant claims it to be, and the written contract would be provable under that count. Most of the difficulty in this case arises from the fact that the plaintiff, instead of stating his one cause of action in one count, as he should have done, states it improperly and unnecessarily in three counts. The triple counts were followed by triple answers, and these last by triple replies, and thus the record is cumbered with matter

not only useless and unnecessary, but positively harmful, in that it tended to mislead the parties and the triers, and to obscure and confuse the real questions in the case. The use of unnecessary counts is clearly contrary to the spirit of the Practice Act, and has at all times met with the disapproval of this court. The power to stop such an abuse of the right to plead is mainly in the hands of the trial courts, and we express the hope that they will hereafter exercise that power in such a way as to put an effectual stop to this reprehensible practice.

In the case at bar, however, neither the court nor the adverse party seem to have objected to the complaint as drawn, and a full and fair trial was had under it. The complaint, as a whole, gave the defendant ample notice of the plaintiff's claims against him. From it he learned that the plaintiff had but one cause of action against him, namely, that arising out of the blank indorsement, and that the plaintiff would claim that the written contract bound the defendant as an absolute guarantor, or as a maker, or as both, according to the view that might be taken of its legal effect. This is all the information that it was necessary to give him in the complaint for his guidance, and he cannot be really harmed by holding that the so-called second and third counts constitute, and should be treated as, one count setting forth a single contract as the basis of the cause of action, and stating the legal import of that contract in divers ways. Under the circumstances we think the so-called second and third counts should be thus regarded, and in this view of the matter the evidence objected to was properly admitted under the complaint.

This view of the case disposes also of most of the objections made by the defendant to the charge of the court. As set out in the reasons of appeal, most of these objections relate to the claimed variance between the written contract and the contract set out in any one of the so-called second and third counts. Regarding these counts as one, the objections to the charge based upon the claim of variance are of no force.

The other objections to the charge, set forth in the reasons

of appeal, relate mainly to instructions regarding the burden of proof as to certain of the defenses set up. They are not mentioned in defendant's brief and require no separate consideration. It is enough to say that even if the instructions complained of were erroneous, they did the defendant no harm, and this clearly appears when the charge is read as a whole.

There is another view which may be taken of this case, under which the ruling of the trial court and the portions of its charge complained of in the defendant's brief, may be vindicated. The written contract may fairly be regarded as an absolute and unqualified contract on the part of the defendant to pay the note if the maker did not; in other words an absolute contract of guaranty. *City Savings Bank* v. *Hopson*, 53 Conn. 453. This would seem to be the most reasonable construction to give to its language, read in the light of the circumstances under which it was made, as they appear of record. Upon this view of the legal import of the written contract, proof of it was admissible under the second count, and if proved, the plaintiff might recover upon it under that count; and the ruling and instructions complained of in defendant's brief were correct.

There is no error.

In this opinion the other judges concurred.