PASQUALE VALENTE *vs.* ANGELO PORTO.

Third Judicial District, New Haven, January Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Prior to the completion of one of four building contracts, the unfinished structure was conveyed by its owner, the defendant, to the wife of the plaintiff contractor, pursuant to an arrangement between all the parties. *Held* that unless the arrangement so made provided for the payment of the contractor, he was entitled to recover of the defendant, as damages, the contract price, $4,500, less the reasonable cost of completing the work according to the contract; but that if no evidence was offered by the contractor of what such cost would be—as to which the record was silent—no recovery could be had by him upon this branch of the case.

The trial court apparently left it to the jury—in case they found that the foregoing arrangement did not include the settlement of the plaintiff's services—to find that the entire contract price of $4,500 was due the plaintiff. *Held* that this was error.

The defendant claimed that the trial court had erred in not treating certain payments made by him on behalf of the plaintiff, as applicable to the entire case, including the fourth count, instead of confining them to the first three counts. *Held* that inasmuch as none of these payments were pleaded as a defense, in whole or in part, to the allegations of the fourth count, the court could not properly have instructed the jury to apply them to that count as well as to the other three.

The jury returned a general verdict for the plaintiff, and it was impossible to determine from the record upon which counts it was predicated, and therefore to tell whether the error of the court harmed the defendant or not. *Held* that inasmuch as the causes of action under the first three counts were supported by credible testimony, the verdict must stand, although one based upon the fourth count would be erroneous.

In such cases the defendant may protect himself from possible injustice by asking for a separate verdict upon each count.

Argued January 18th—decided March 8th, 1923.

ACTION to recover an alleged balance for work and labor and materials furnished, also for extras, in the erection of four buildings for the defendant, brought

to the Superior Court in New Haven County and tried to the jury before *Marvin, J.;* verdict and judgment for the plaintiff for $6,930, and appeal by the defendant. *No error.*

*Philip Pond,* with whom, on the brief, was *Rocco Ierardi,* for the appellant (defendant).

*Robert J. Woodruff,* with whom, on the brief, was *James A. Morcaldi,* for the appellee (plaintiff).

WHEELER, C. J. The plaintiff offered evidence to prove that $12,400 was due on the three building contracts as described in the first three counts of the complaint, and in addition $1,560 for extras; for which he had been paid on account $8,639.60, leaving a balance due under the three contracts of $5,320.40.

The defendant did not dispute the fact that the plaintiff had performed these contracts and was entitled to be paid therefor the $12,400. He did dispute the amount claimed for extras, and further claimed that he had, upon these three contracts, paid, upon orders from the plaintiff and upon guarantees made by him for and in behalf of the plaintiff, $6,382.67; and in addition, that the plaintiff at the time of the making of these contracts was indebted to him in the sum of $2,800, which, by agreement of the parties, was to be applied in part payment of the amount due by the defendant to the plaintiff upon the three contracts.

The issues before the jury upon these three counts were as to what, if anything, was due the plaintiff for these extras, and as to whether or not the whole or part of the payments claimed to have been made by the defendant had been so made. No question is raised on the appeal concerning the manner in which the trial

court submitted to the jury the issues upon these three counts.

The appeal concerns exclusively the issues raised upon the fourth count. The plaintiff claimed to recover upon this count the amount due for the lawful performance of a written contract which he alleged was $4,500. The defendant denied the performance of this contract, and further defended upon the ground that while the contract for this building was uncompleted, the parties entered into another contract by which this building and the land on which it stood was sold to the plaintiff—title being taken in the name of the plaintiff's wife—for $22,000, and, as a part of this transaction, an agreement that the indebtedness for the erection of this building should be considered settled and paid for; and the defendant further alleged that subsequently he had paid, at the request and in behalf of the plaintiff, $2,127.80. The defense to this count was thus that the contract had not been performed, that it had been paid for in a settlement reached by the parties, and that payments of $2,127.80 should be credited on the amount found due.

The question of settlement was fairly submitted to the jury. Whether or not the contract had been performed, was not submitted to the jury. There was no controversy upon the trial but that the contract had not been completed, and that the reason for this failure was the new agreement the parties had entered into by which the defendant transferred to plaintiff's wife the uncompleted building and the land on which it stood. If the jury found that no settlement or payment had been made, the plaintiff thereupon became entitled to recover from the defendant the contract price, $4,500, less such deductions from the price as it was reasonable to allow for the omissions made which would have completed the building according to the

contract. The same measure of damages should prevail in this case as has been finally adopted in this jurisdiction in cases of the substantial performance of a building contract. *Daly & Sons* v. *New Haven Hotel Co.*, 91 Conn. 280, 287, 99 Atl. 853. The record is silent as to whether evidence was offered by the plaintiff of the reasonable value of the uncompleted part of this contract. If no such evidence was offered, no case was before the jury which would permit a recovery under the fourth count. Apparently the court left it to the jury to find that the entire amount of this contract described in the fourth count was due, provided they found that no settlement was made of this matter at the time of the new agreement of transfer to plaintiff's wife. This was error.

The court did not submit to the jury whether the alleged payments of $2,127.80 had been made, but no error is predicated upon this omission.

Another claimed error is the failure of the court to treat the said payments of $6,382.67, made upon orders and guarantees, as applicable to the entire case, including the fourth count, instead of confining them to the first three counts. Reference to the defense to the fourth count of defendant's amended answer will show that none of these payments of $6,382.67 were pleaded as payments in whole or part of the amount claimed to be due upon the contract described in the fourth count of the complaint, so that the court could not properly have instructed the jury as the defendant now claims. If the jury found for the defendant on the fourth count and for the plaintiff on the first three counts, its verdict would have been supported by the evidence. If the jury found for the defendant on the first three counts and for the plaintiff on the fourth count, its verdict would not have been supported by the evidence. The verdict is a general one. We can-

not tell upon which counts the verdict was predicated, hence we cannot tell whether the error of the court harmed the defendant. The causes of action under the first three counts were supported by credible testimony, therefore the verdict must stand, even though the cause of action under the fourth count was not authorized by law, since we cannot know that the verdict was based upon the cause of action under the fourth count. "In such cases the defendant may protect itself from any possible injustice, when the complaint contains two or more counts, by asking for a separate verdict upon each count, or when two or more issues are presented in one count, by asking the court to propound special interrogatories to the jury." *Aaronson* v. *New Haven*, 94 Conn. 690, 697, 110 Atl. 872; *Wladyka* v. *Waterbury*, 98 Conn. 305, 313, 119 Atl. 149; *Worth* v. *Dunn*, 98 Conn. 51, 63, 118 Atl. 467.

There is no error.

In this opinion the other judges concurred.