PETER H. BROWN *vs.* HOWARD J. WRIGHT ET ALS.

Third Judicial District, Bridgeport, October Term, 1923.

WHEELER, C. J., BEACH, CURTIS, KEELER and WOLFE, Js.

The defendant S, who owned an automobile for which she had not yet fully paid, instructed T, one of the firm from which she had bought the car, to exhibit it to possible purchasers, and he, with her authority or subsequent approval, delegated that duty on the occasion in question to one X, who was not a regular employee of T. While X, after sunset, was driving the car to New Haven from Hartford, where it had been exhibited, it stalled owing to the burning out of a fuse, and was allowed to stand, partly in the roadway, without lights or other warning to travelers approaching from the rear, from three to five minutes, during which the plaintiff, coming from the rear and using due care, ran into the stalled car and was injured. *Held:*—

1. That the only conclusions reasonably open to the jury upon the foregoing facts, were that S owned the stalled automobile at the time

of the collision, and that X was her agent in driving the car on that occasion.

2. That upon the facts claimed to have been proved, there was no basis for a finding by the jury that S and T were engaged in a joint enterprise or temporary partnership for the sale of the stalled car; and therefore no ground for charging the negligence of X to T, as well as to S.

3. That the only responsibility of T, under the circumstances, was his duty owed to S, to exercise due care in his selection of a driver for her car.

A general verdict imports that all the issues were found in favor of the prevailing party; and therefore if—as in the present case—two grounds of negligence are alleged and put in issue, and no error intervenes in the determination of one of them, the verdict must stand, although error may have been committed in respect to the other.

In such a situation the adverse party may protect himself from possible injustice, by requesting the court to propound special interrogatories to the jury and thus ascertain upon which issue they based their verdict.

Argued November 2d—decided December 13th, 1923.

ACTION to recover damages for injuries to the person and automobile of the plaintiff, alleged to have been caused by the negligence of the defendants, brought to the Superior Court in New Haven County and tried to the jury before *Jennings, J.;* verdict and judgment for the plaintiff for $800 against the defendants other than Wright, and in his favor, from which the losing defendants appealed. *Judgment affirmed as to all defendants except William J. Donovan; error as to him and new trial ordered.*

Upon the trial of this action to the jury, the plaintiff offered evidence to prove these facts: An unoccupied automobile was stalled upon the Berlin turnpike after sundown on November 16th, 1920. It was then located in part on the concrete traveled path of the highway, which path was eighteen feet in width. The place where the car stood was dark because of shadows and the fact that the sun had set, and so leaving the car was negligent, because it was left stalled from three to five

minutes without lights upon it, as required by statute, and without giving warning in any way to cars approaching from the rear. The plaintiff offered evidence that the car was owned by Julia Shea, also that it was owned by Howard J. Wright. The plaintiff was driving an automobile with due care, approaching the stalled car from the rear, and came into collision with the stalled automobile and his car was injured thereby. The finding does not state specifically what the plaintiff's evidence tended to prove, if anything, as to who were the occupants of the car and who was driving it.

The defendants offered evidence to prove these facts: In May, 1920, H. J. Wright & Company, a firm composed of the defendants Howard J. Wright and William Donovan, sold and delivered the automobile that was stalled, and gave title thereto, to the defendant Julia Shea, but she had not completed all payments on the car on the day of the accident. The defendant Howard J. Wright had withdrawn from the partnership with William Donovan, the latter continuing the business. Julia Shea was unable to learn to operate the car and placed it in a garage. (The finding does not disclose who were the proprietors of the garage.) She instructed William Donovan to demonstrate the car for sale. On the day of the accident, Julia Shea wished to exhibit the car to a prospective buyer in Hartford, and asked William Donovan to drive her to Hartford, but William Donovan was unable to comply and hired his cousin, the defendant Dennis Donovan, to drive the car. Dennis Donovan was then a legally licensed operator under the laws of Connecticut, but was not in the regular employ of either Julia Shea or William Donovan. The stalling of the car was caused by the burning out of a fuse, which also caused the lights to go out. This was an accidental and unavoidable occurrence, and took place immediately prior to the collision. The

stalled car at the collision was standing at the extreme right-hand side of the road against the rail. The moon was then full and it was bright and clear. The defendants were free from negligence causing the collision.

*Alfred C. Baldwin* and *Daniel L. O'Neil,* for the appellants (defendants other than Howard J. Wright).

*Charles S. Hamilton,* with whom, on the brief, was *Henry Dryhurst,* for the appellee (plaintiff).

CURTIS, J. The finding as to the evidence offered by both parties does not give a clear presentation of the relations of the different defendants to the stalled automobile and to the collision. From the above facts, claimed to have been proved by both parties, the following facts could have been reasonably and logically found by the jury: Julia Shea purchased the automobile from the defendants Howard J. Wright and William J. Donovan, and took title to and possession of it in May, 1920, but had not completed all payments on it at the date of the collision. She was unable to learn to operate it and desired to sell it. She put the automobile in a garage. She instructed William J. Donovan to demonstrate it for sale. On the day of the collision, she asked William J. Donovan to drive her to Hartford, so that she could exhibit the car to a prospective customer there. William J. Donovan was unable to comply and refused, but hired his cousin Dennis Donovan to drive the car. Dennis Donovan was not then in the regular employ of William J. Donovan or Julia Shea. The defendant Howard J. Wright had dissolved partnership with William J. Donovan before the time of the collision.

While there are other subordinate facts that the claims of the parties would justify the jury in finding,

there are no others that reasonably and logically could connect William J. Donovan with the transactions underlying this action.

From the above facts which the jury could have found, the only conclusions which the jury could logically and legally arrive at, were that Julia Shea owned the stalled automobile at the time of the collision, which was then being driven by Dennis Donovan. The employment of Dennis to drive the car was a fact known to, acquiesced in, and ratified by Julia Shea, or the jury, by a fair inference, could have so found; and also that Dennis Donovan was her agent in driving the car.

The court instructed the jury that if the plaintiff had established his case of negligence against the parties responsible for the collision, then, under the evidence, the plaintiff was entitled to a verdict against the defendant Dennis Dovonan, the operator of the car, but was not entitled to a verdict against the defendant Howard J. Wright.

The court left it for the jury to determine whether Julia Shea was the owner of the stalled car, and whether the driver was her agent.

The defendants' seventeenth assignment of error relates to the charge as to the possible liability of William J. Donovan. The court charged as follows: "There is one other horn to this particular dilemma; (there are some more horns here but I haven't got to them yet) which I think I should define to you, and that is that it seems to me it ought to be possible to find that Dennis Donovan was the servant of both Julia Shea and William J. Donovan on the day in question. If you should find, for instance—I don't care where the title of this car is, it is in one or the other, of William J. Donovan or Julia Shea, but for the purpose of this discussion I don't care where it is—that the car

was owned by one of them or both of them. Apparently they both had an equity in it at the time and were jointly engaged in a joint enterprise in getting rid of it and were jointly interested in the enterprise and the result of it, and they jointly employed this Dennis Donovan to drive this car for this demonstration purpose, I can see no objection why, beyond having a temporary partnership if you like, a temporary association for this particular sale, and that they might both be superiors and Dennis Donovan might be the servant of both, so that those are the three ways in which you could find against the defendant Julia Shea, if you find for the plaintiff: first, that she was a joint tort feasor, as I have discussed it with you; and second, that she and not William J. Donovan was the superior of Dennis Donovan and that he was her servant on this day, and that in that case, of course, you will find in favor of William J. Donovan; and third, that Julia Shea and William J. Donovan were engaged in a joint enterprise at the time and Dennis Donovan was the servant of both of them."

Under the finding as to the facts claimed to have been proved, there was no basis for a finding by the jury that Julia Shea and William J. Donovan were engaged in a joint enterprise in getting rid of the car and the result of it, and that Dennis Donovan was the servant of both Julia Shea and William J. Donovan on the day in question, in such a sense as to make both liable for his negligent driving, if proved. Let us take the situation in its most unfavorable light as to William J. Donovan as disclosed by the finding of facts claimed to have been proved by the parties, to the effect that he undertook generally to exhibit the car to possible purchasers, and on this occasion delegated that task to Dennis Donovan. Such delegation on this record was either on the express or implied authority of Julia Shea, or it

was ratified by her; this would be especially true if, in fact, as the arguments and charge indicate (but the record does not show), she rode in the car at the side of Dennis during the entire trip. Under such circumstances Dennis was the agent of Julia Shea, and if damage resulted to Julia from the conduct of Dennis, William J. Donovan would only be responsible to Julia in case he had not exercised due care in the selection of Dennis. For torts as to third parties, Julia would be liable as for torts of any agent. These principles of law the charge objected to failed to adequately present in connection with the facts claimed to have been proved. Mechem on Agency (2d Ed.) Vol. 1, § 332; *Davis* v. *King*, 66 Conn. 465, 34 Atl. 107. The seventeenth assignment of error was, therefore, well taken as to the defendant William J. Donovan.

The complaint alleges two grounds of negligence: (1) the failure to use due care; (2) the failure to observe the statutory duty as to lights. The general verdict involves finding the issues for the plaintiff as to both grounds of negligence. The defendants did not seek to protect themselves by having interrogatories propounded by the court as to the finding of the jury on each ground of negligence alleged. *Wladyka* v. *Waterbury*, 98 Conn. 305, 313, 119 Atl. 149. Errors in the charge, under these conditions, in order to constitute reversible error, must be such as relate to both grounds of negligence found proven by the jury. The seventeenth assignment of error, which we have held well taken, was of this character, because it was erroneous in relation to William J. Donovan as to either ground of negligence found proved.

The remaining eighteen grounds of error are either so obviously correct as not to merit discussion, or relate only to one of the grounds of negligence alleged, namely, as to the performance of the statutory duty as

to lights.   The effect of this situation is similar to that set forth in *Arnold* v. *Lane,* 71 Conn. 61, 65, 40 Atl. 921.

There is no error in the judgment as to all the defendants except William J. Donovan.

The judgment is affirmed as to Julia Shea and Dennis Donovan, and is set aside and a new trial ordered as to William J. Donovan.

In this opinion the other judges concurred.