MARY ZIMAN, ADMINISTRATRIX, *vs.* SCOTT L. WHITLEY.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 4th—decided October 8th, 1929.

*M. J. Blumenfeld,* with whom, on the brief, was *David R. Woodhouse,* for the appellant (defendant).

*Arthur B. Weiss,* with whom, on the brief, was *Bernard P. Saltman,* for the appellee (plaintiff).

MALTBIE, J. This action is brought to recover for the death of the plaintiff's decedent in an automobile accident in Bridgeport. The plaintiff claimed to recover upon one or more of three grounds, wanton misconduct, negligence at common law and in violation of a certain provision of the statute governing the operation of motor vehicles and supervening neg-

ligence. The trial court submitted all three grounds to the jury. The appellant claims that it was error to submit the issue of wanton misconduct because no adequate basis was laid for a recovery upon this ground in the complaint and because the facts claimed by the plaintiff to have been proven would not justify a verdict for the plaintiff upon such a cause of action. The complaint alleges that the accident was caused "by the wanton negligence" of the defendant while driving along the street "wantonly, recklessly and negligently." It is evident that the pleader having in mind wanton misconduct failed to realize that, as we have several times pointed out, the expressions, "wanton negligence" or "reckless negligence" are anomalous. A wanton act is one done "in reckless disregard of the rights of others . . . evincing a reckless indifference to consequences to the life, or limb, or health, or reputation or property rights of another." It is "more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others. or of the consequences of action," equivalent in its results to wilful misconduct. *Bordonaro* v. *Senk,* 109 Conn. 428, 431, 147 Atl. 136. It is true the complaint is inartificially drawn, but reasonably construed it indicated that a claim of wanton misconduct was intended and, particularly after the appellant has gone to trial without moving for a more specific statement and a verdict has been rendered, must its allegations be deemed sufficient to sustain a recovery upon that basis. *Mezzi* v. *Taylor,* 99 Conn. 1, 9, 120 Atl. 871.

The plaintiff offered evidence to prove and claimed to have proved these facts: The decedent was struck by the defendant's automobile while crossing Fairfield Avenue in a densely populated portion of the city of Bridgeport at about ten o'clock in the evening. Fair-

field Avenue runs east and west. He had come along the east sidewalk of Pine Street, which intersects the avenue on the south side and was crossing the avenue in a direct line from the end of the sidewalk. When he had taken about three steps into the avenue, he looked both ways and at that time the defendant's automobile, a Buick equipped with four-wheel brakes in good condition, was about three blocks away, approaching from the west. The plaintiff's decedent proceeded at an ordinary walk until he came within a foot or two of the southerly rail of a double trolley track in the center of the street, that is, until he had come some twenty-one or twenty-two feet from the curb. He then paused to let an automobile coming from the east pass by and as he stopped the defendant's automobile was just west of the westerly curb line of Pine Street. He was struck as he stood still in the street. As it approached Pine Street the defendant's automobile was going at a speed of more than forty miles an hour and that speed was not reduced until the brakes were applied when it was at a point eight to twelve feet westerly of the westerly curb line of Pine Street. The defendant gave no signal by horn or otherwise of his approach. The weather was fine, the pavement was dry, at the point of the accident the street was so well lighted that a person of ordinary vision could read a newspaper in the middle of it, and there was nothing to obstruct the defendant's vision. If the jury found the facts in accordance with this evidence, they could reasonably conclude that the defendant was guilty of wanton misconduct as we have defined it. To approach a street in a densely populated part of a city where people are likely to be crossing at so high a speed and without giving any signal or reducing that speed until he was almost within the intersection, and to fail to see the plaintiff's decedent standing in the street, or seeing

him, to fail to apply his brakes, until he was too close
to avoid the accident, might reasonably be regarded as
evincing such recklessness of results as constituted
wanton misconduct. Such a conclusion would deter-
mine the defendant's liability without regard to any
contributory negligence on the part of the plaintiff.
*Nehring* v. *Connecticut Co.*, 86 Conn. 109, 122, 84 Atl.
301; *Menzie* v. *Kalmonowitz*, 107 Conn. 197, 200, 139
Atl. 698.

The appellant also complains of the charge of the
trial court with reference to the claim of wanton mis-
conduct. In the charge the same confusion of terms
appears as in the complaint. But the elements neces-
sary to establish wanton misconduct as stated by the
trial court were presented in a light if anything too
favorable to the defendant and the jury could not have
been misled by the casual use of the words "wanton
negligence."

There was no error as regards a recovery based upon
wanton misconduct and the other claimed errors have
to do with the remaining grounds of recovery alleged.
That being so, the plaintiff contends that the judg-
ment must be sustained without regard to them. The
rule to which he appeals was first enunciated by this
court as a statement of the prevailing practice in this
State in *Wolcott* v. *Coleman*, 2 Conn. 324, 337, with
reference to a verdict for the plaintiff upon a com-
plaint containing several counts. It was there said
that it has ever been considered to be the rule that
where a complaint is divided into counts and a general
verdict is rendered, if any of the counts are good, it
will be presumed that the damages were assessed as
to that count and the verdict will be sustained. It was
pointed out that a different rule prevailed in England
in civil cases, but the court said (p. 338): "As we have
experienced no inconvenience from our practice, it

would be strange for us to alter it, and to borrow a rule from a country where its existence has been regretted. In a case where there are good and bad counts in a declaration, if the defendant wishes to question the sufficiency of any of them, verdicts can be taken on each count separately, which will give him an opportunity; and unless such reasons should exist, it will be found most convenient, in practice, to allow the verdict to be given, generally, on all counts, where they are for the same thing." The rule so enunciated was followed thereafter in a considerable number of cases in which there were two or more counts in a complaint and a general verdict was rendered for the plaintiff; *Sharp* v. *Curtiss,* 15 Conn. 526, 533; *Hoag* v. *Hatch,* 23 Conn. 585, 589; *State* v. *Stebbins,* 29 Conn. 463, 471; *Bulkley* v. *Andrews,* 39 Conn. 523, 534; and in one case in which two distinct defenses were made, viz., payment and the statute of limitations. *Foster* v. *Smith,* 52 Conn. 449, 451. Since the adoption of the Practice Act, and particularly since the decision in *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.,* 63 Conn. 551, 29 Atl. 76, the use of counts to state various grounds of recovery growing out of one transaction has largely been abandoned and the inclusion of all claims for relief in a single count, giving a connected and concise narration of the essential facts, has received the approval of this court. *Freeman's Appeal,* 71 Conn. 708, 717, 43 Atl. 185; *Brown* v. *Wilcox,* 73 Conn. 100, 105, 46 Atl. 827. In this situation the method of protection against the implications of a general verdict by taking a verdict upon each of several counts no longer was applicable and we extended it through the submission of interrogatories to the jury, to be answered in connection with their general verdict, which were calculated to make clear the precise ground or grounds upon which the verdict rested.

*Aaronson* v. *New Haven,* 94 Conn. 690, 697, 110 Atl. 872. Since the decision last referred to, we have applied the rule enunciated in *Wolcott* v. *Coleman, supra,* in a number of cases where different counts were used in the complaint or separate defenses were stated in the answer. *Worth* v. *Dunn,* 98 Conn. 51, 63, 118 Atl. 467; *Valente* v. *Porto,* 98 Conn. 653, 656, 119 Atl. 888; *Levett* v. *Sharp,* 100 Conn. 314, 132 Atl. 833; *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.,* 105 Conn. 640, 136 Atl. 681. We have also applied the rule in several cases where only one count was used, in which various grounds of recovery were sought and no interrogatories were submitted to the jury. *Wladyka* v. *Waterbury,* 98 Conn. 305, 119 Atl. 149; *Brown* v. *Wright,* 100 Conn. 193, 199, 123 Atl. 7; *Blake* v. *Waterbury,* 105 Conn. 482, 486, 136 Atl. 95; *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 139 Atl. 698.

The increasing frequency of cases in which appeal is made to the rule and the desirability of a definitive statement of its proper application and limitations have led us to re-examine it. When first enunciated its purpose was clearly stated to be, as should be the end and purpose of all rules of procedure, to formulate our practice in such a way as to accomplish justice to the fullest possible extent. The simplest and most direct method in the submission of issues to a jury is highly desirable, lest they be misled by the technical intricacies of the law. That purpose is not jeopardized to any considerable extent by a requirement that separate verdicts be rendered upon separate counts. Greater danger lies in the submission of interrogatories. Where there are two or more causes of action or grounds of defense, the interrogatory as to each should contain in brief the essential elements of the cause of action to which it is addressed. *Callahan* v.

*Jursek*, 100 Conn. 490, 124 Atl. 31.  It is not easy for counsel and the court to frame them properly in the hurry of the trial and couched as they almost necessarily must be in technical language, separated from the explanations contained in the charge, they may well be stumbling blocks in the way of a jury.  In that class of cases in which appeal is most often made to the rule, negligence actions growing out of automobile accidents, the various grounds of negligence alleged are often so interlocked as to make it difficult to consider them separately and to attempt to base interrogatories upon each of the grounds, often numerous as they are, as a separate cause of action, would be greatly to complicate the work of court, jury and counsel.  Where a complaint is properly divided into separate counts, it is sound policy to require that, if a party desires to raise on appeal errors affecting one alone, he shall seek a separate verdict upon each count.  So where in an answer separate defenses are properly pleaded, it is sound policy to require that, if a verdict is rendered for the defendant, it shall state upon which of the defenses it is based.*

So where in a complaint or answer, although separate counts or defenses are not stated, reliance is placed upon grounds of action or defense which are distinct, not because they involve specific sets of facts forming a part of the transaction but in the essential basis of the right relied upon, interrogatories should on proper request of counsel be submitted.  An example of such a situation is afforded where, as in

---

* In such a situation suggested forms of verdicts are:  Where the first defense consists of a general denial or of admissions and denials: "In this case the jury finds the issues upon the complaint and the first defense for the defendant and therefore finds for the defendant." Where the verdict is upon allegations of a special defense: "In this case the jury finds the issues upon the second defense for the defendant and therefore finds for the defendant."

*Menzie* v. *Kalmonowitz, supra,* a cause of action for wanton misconduct and one for negligence are stated in the complaint in a single count. Where, however, different specifications of fact are alleged in support of one essential right, as where various grounds of negligence are alleged as a basis for a recovery for injuries resulting from a particular accident, it is the sounder policy to permit an appellant to take advantage upon appeal of errors affecting one specification of negligence only, even though no interrogatories have been submitted. Even in such a case, however, the trial court may in the exercise of a reasonable discretion, submit interrogatories, if the circumstances of the case seem to make it desirable.

Of the cases we have cited most will be found to accord fully with the distinction we have drawn. In *Aaronson* v. *New Haven, supra,* we applied the rule as to the implications of a general verdict in a case where a cause of action based upon the placing by the defendant city of a dangerous obstruction in a city street without properly anchoring it was joined in one count with one for a failure to guard or remove it after it had fallen over. We followed this application of the rule in actions for negligence in *Wladyka* v. *Waterbury, Blake* v. *Waterbury,* and *Brown* v. *Wright, supra,* and also in *Callahan* v. *Jursek, supra,* which was an action for fraudulent representations. A careful reconsideration has led us to doubt the wisdom of its application in cases of this nature and we find ourselves unable to accept such an application of it as sound policy. We are of the opinion that the modification of the rule in the manner outlined is required in order to do justice and prevent harmful consequences in these classes of cases, and to make it practicable and workable.

The application of the rule in the instant case, in

view of the fact that no error occurred as to the ground of recovery for wanton misconduct, requires that the judgment be sustained without regard to the other claimed errors. One of these requires, however, brief consideration as a matter of practice likely often to arise. The appellant requested the submission to the jury of an interrogatory addressed to a recovery upon the ground of supervening negligence. It failed to state accurately the essential elements of a recovery upon that ground, but a comparatively slight change would have cured the defect. In such a situation, instead of simply denying the request a trial court ought ordinarily to lend its assistance to counsel in putting the interrogatory into proper form, if it can be done without undue burden.

There is no error.

In this opinion the other judges concurred.