# NONA MALAGUIT ET AL. *v.* SKI SUNDOWN, INC.
## (AC 33180)

Lavine, Alvord and Espinosa, Js.

Argued February 14—officially released June 26, 2012

*Ralph J. Monaco*, with whom were *Thomas J. Londregan*, and on the brief, *Jonathan T. Lane*, for the appellants (plaintiff James Malaguit).

*Elizabeth F. Ahlstrand*, with whom, on the brief, were *Mark B. Seiger* and *Charles F. Gfeller*, for the appellee (defendant).

*Opinion*

ESPINOSA, J. The substitute plaintiff James Malaguit[1] appeals from the judgment of the trial court denying his motion to set aside the verdict, following a jury trial, in favor of the defendant, Ski Sundown, Inc. The plaintiff alleges that the court improperly (1) charged the jury on General Statutes § 29-212, (2) refused to

---

[1] James Malaguit's mother, Nona Malaguit, commenced the action in her representative capacity. During the course of the trial, James Malaguit reached the age of majority, and Nona Malaguit moved the court to substitute as party plaintiffs James Malaguit in his individual capacity and Nona Malaguit in her individual capacity. The court granted this motion. Nona Malaguit did not file a separate appearance before this court, however. Accordingly, we refer to James Malaguit as the plaintiff.

provide the jury with the legislative history of § 29-212 to aid in its application of the statute, (3) failed to deliver an instruction concerning spoliation of evidence and (4) refused to instruct the jury that exculpatory language contained in documents that the defendant provided to the plaintiff should be disregarded as a matter of public policy. The defendant asserts that the general verdict rule prohibits review of the plaintiff's claims. We agree with the defendant, and, accordingly, affirm the judgment of the trial court.

The following undisputed factual and procedural history is relevant to our consideration of this appeal. On February 17, 2006, the plaintiff, who was fifteen years old at the time, went skiing at a ski area in New Hartford owned and operated by the defendant. While attempting to ski over a snow jump located within an area known as a "terrain park," the plaintiff lost control and fell, landing in a way that severely injured his spine and left him a quadriplegic.

. The plaintiff brought his complaint in the Superior Court on February 5, 2008. The complaint alleged that the defendant was negligent by building and maintaining a snow jump, which created a hazard not inherent in the sport of skiing. In its answer, the defendant denied the allegations made in the complaint and raised two special defenses, namely, that, pursuant to § 29-212, the plaintiff assumed the risk for any injury caused by hazards inherent in the sport of skiing and that his damages were caused by his own negligence.

The defendant claimed that § 29-212[2] was a complete bar to any recovery by the plaintiff. The defendant

[2] General Statutes § 29-212 provides in relevant part:

"(a) For the purposes of this section:

"(1) 'Skier' includes any person who is using a ski area for the purpose of skiing or who is on the skiable terrain of a ski area as a spectator or otherwise, but does not include (A) any person using a snow tube provided by a ski area operator, and (B) any person who is a spectator while in a designated spectator area during any event;

argued that, under § 29-212, ski area operators were not liable for any injuries caused by terrain variations that were the result of "snow grooming." According to the defendant, the snow jump in question had been created by a process of snow grooming, and, therefore, the plaintiff assumed the risk of any injury he suffered by using the jump.

The plaintiff opposed the defendant's invocation of § 29-212, asserting that it was not applicable to the case because, as a matter of law, a snow jump is not a hazard inherent in the sport of skiing. Accordingly, the plaintiff argued that the court should not instruct the jury on § 29-212. The court rejected the plaintiff's argument and, in its charge to the jury, included an instruction on § 29-212.

Before the court charged the jury, the plaintiff requested that the court's instructions include an adverse inference charge on spoliation of evidence. As the basis for this request, the plaintiff cited the defendant's failure (1) to take, in anticipation of litigation, pictures or videos of the snow jump on the night of the

"(2) 'Skiing' means sliding downhill or jumping on snow or ice using skis, a snowboard, snow blades, a snowbike, a sit-ski or any other device that is controllable by its edges on snow or ice or is for the purpose of utilizing any skiable terrain, but does not include snow tubing operations provided by a ski area operator; and

"(3) 'Ski area operator' means a person who owns or controls the operation of a ski area and such person's agents and employees.

"(b) Each skier shall assume the risk of and legal responsibility for any injury to his or her person or property caused by the hazards inherent in the sport of skiing. Such hazards include, but are not limited to: (1) Variations in the terrain of the trail or slope which is marked in accordance with subdivision (3) of section 29-211 or variations in surface or subsurface snow or ice conditions, except that no skier assumes the risk of variations which are caused by the ski area operator unless such variations are caused by snow making, snow grooming or rescue operations . . . .

"(c) The provisions of this section shall not apply in any case in which it is determined that a claimant's injury was not caused by a hazard inherent in the sport of skiing."

accident; (2) to interview witnesses on the night of the accident; and (3) to maintain photographs and videos of the ski jump on its website.

The court denied the plaintiff's request, holding that the plaintiff had failed to demonstrate how this evidence was necessary to prove an essential element of his case. The court noted that the plaintiff had taken his own photographs of the terrain park approximately two weeks after the accident. Furthermore, the court maintained that the plaintiff had failed to show that the defendant controlled the evidence in question.

On October 19, 2010, the jury returned a verdict for the defendant.[3] On October 29, 2010, the plaintiff filed a motion to set aside the verdict, which motion the defendant opposed. The court accepted supplemental memoranda from the parties and, on December 23, 2010, it held a hearing on the motion. On February 3, 2011, the court issued its decision denying the motion. The plaintiff filed the present appeal on February 22, 2011. Additional facts will be set forth as necessary.

The defendant alleges that review of the plaintiff's claims is precluded by the general verdict rule. We agree.[4] "The general verdict rule provides that if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . In circumstances in which a party has requested interrogatories that fail to flesh out

[3] The verdict stated: "We the jury find issue in favor of the defendant, Ski Sundown, Inc., and against the plaintiffs James Malaguit and Nona Malaguit."

[4] We note that, although the defendant raised the general verdict rule in its opposition to the plaintiffs' motion to set aside the verdict, the court did not address that argument but addressed the merits of the plaintiffs' claims in its memorandum of decision. Although it appears that the court was not persuaded by the defendant's argument under the general verdict rule, we may affirm the court's judgment on different grounds. See, e.g., *Vaillancourt* v. *Latifi*, 81 Conn. App. 541, 544 n.4, 840 A.2d 1209 (2004).

the basis of the jury's verdict, this court has noted that the general verdict rule is still applicable because [i]t is not the mere submission of interrogatories that enables [the reviewing court] to make that determination; rather, it is the submission of properly framed interrogatories that discloses the grounds for the jury's decision. . . . [I]n a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . .

"On the appellate level, the rule relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review. In a typical general verdict rule case, the record is silent regarding whether the jury verdict resulted from the issue that the appellant seeks to have adjudicated." (Internal quotation marks omitted.) *Crews* v. *Pudlinski*, 129 Conn. App. 807, 811–12, 21 A.3d 568, cert. denied, 302 Conn. 948, 31 A.3d 384 (2011), cert. denied sub nom. *Crews* v. *Lime Rock Associates*, U.S. , 132 S. Ct. 1863, 182 L. Ed. 2d 644 (2012).

Our Supreme Court has held that "the general verdict rule applies to the following five situations: (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." (Internal quotation marks omitted.) *Tetreault* v. *Eslick*, 271 Conn. 466, 472, 857 A.2d 888 (2004).

In the present case, the plaintiff made a timely request for interrogatories, but the court declined to submit

them to the jury. The court stated in its memorandum of decision on the motion to set aside the verdict that "[t]he plaintiffs' proposed interrogatories focused on the ski statute, and the court was concerned that, if the proposed interrogatories were to be used, the jury would perceive the court to be taking a critical view of the defendant's case." The defendant also had submitted proposed interrogatories, which, according to the court, "did not appear . . . to be balanced." Ultimately, the court determined that it "was unable to prepare interrogatories that would be useful but would not simultaneously appear to oversimplify the issues that were carefully delineated in the charge to the jury." The plaintiff did not object to the court's decision not to submit interrogatories to the jury.

This court has stated that "the failure of the plaintiffs to object to jury deliberation without interrogatories is the functional equivalent of a failure to request interrogatories." *Gajewski* v. *Pavelo*, 32 Conn. App. 373, 381, 629 A.2d 465 (1993), rev'd on other grounds, 229 Conn. 829, 643 A.2d 1276 (1994). The plaintiff submitted proposed interrogatories to the court, but he failed to object to the court's decision not to submit them to the jury. Furthermore, the plaintiff does not claim on appeal that the court's submission of the matter to the jury without interrogatories was improper.

We observe that, even if the plaintiff properly had objected to the court's refusal to submit interrogatories to the jury, the plaintiff's proposed interrogatories would not have shed any light on the basis of the jury's verdict. In this case, the defendant denied the allegations of the plaintiff's complaint and pleaded two special defenses: (1) that, under § 29-212, the plaintiff assumed the risk for any injury caused by hazards inherent in the sport of skiing and (2) that his damages were caused by his own negligence. Accordingly, this case falls within the fourth category of cases in which the

general verdict rule can apply, namely, the denial of a complaint accompanied by one or more special defenses. See *Tetreault* v. *Eslick*, supra, 271 Conn. 472.

Critically, as the court noted in its memorandum of decision, the plaintiff's proposed interrogatories dealt only with the defendant's first special defense, that the plaintiff assumed the risk for any injury caused by hazards inherent in the sport of skiing. They did not address either the defendant's denial of the allegations of the complaint or its second special defense of comparative negligence. Therefore, even if the court had submitted these interrogatories to the jury, we still would have to speculate as to whether the jury found that the plaintiff had failed to establish the allegations made in the complaint or that the defendant successfully had demonstrated that the plaintiff was more negligent than the defendant and that his own negligence was the proximate cause of his injuries. "When there are alternative bases for the verdict, it is necessary for the interrogatories to reveal the actual grounds for the jury's verdict in order for the general verdict rule to be precluded." (Internal quotation marks omitted.) *Thames River Recycling, Inc.* v. *Gallo*, 50 Conn. App. 767, 782, 720 A.2d 242 (1998). Thus, the plaintiff's interrogatories, even if submitted to the jury, would not have revealed the basis of the jury's verdict.

The plaintiff claims that the general verdict rule is not applicable in the present case because, in light of the claimed errors raised on appeal, the jury did not have an untainted route by which to reach its verdict. The plaintiff cites *Monterose* v. *Cross*, 60 Conn. App. 655, 661, 760 A.2d 1013 (2000), in which this court held that the general verdict rule did not apply to a negligence case in which the trial court improperly failed to instruct the jury on the appropriate standard of care that the defendant owed to the plaintiff. In that case,

although the defendant's answer included both a general denial and a special defense, this court concluded that "[e]ven if we assume that the jury rejected the plaintiff's allegations of negligence and found him contributorily negligent, both of those determinations are undermined by the court's failure to instruct the jury as to the proper standard of care. There is therefore no 'untainted route' to the verdict." Id.

We conclude that, unlike in *Monterose*, in the present case, none of the plaintiff's claims on appeal raise the possibility of an error that would relate to all of the possible grounds on which the jury's verdict might be based. Specifically, we conclude that none of the plaintiff's claims relate to the defendant's special defense of comparative negligence and that, therefore, the jury had an untainted route by which to reach its verdict. The plaintiff's first two claims, that the court improperly charged the jury on § 29-212 and improperly refused to provide the jury with the legislative history of § 29-212 to aid in its application of the statute, relate only to the defendant's special defense under § 29-212. They have no bearing on whether the defendant's actions constituted negligence or whether the plaintiff was comparatively negligent. After instructing the jury on negligence and comparative negligence, the court turned to § 29-212. The court explained to the jury: "There is a statute that provides that, in certain instances, skiers are considered to have assumed the risk of injury caused by hazards inherent in the sport of skiing." After reading the text of the statute to the jury, the court continued: "The plaintiffs have the burden of proving, by a preponderance of the evidence, that the statute does not apply in this case. If the plaintiffs prove that the statute does not apply in this case, then you need not consider this statute any further." The court's instructions on § 29-212 clearly framed the application of the statute as an issue distinct from that of negligence and comparative

negligence. Accordingly, the plaintiff's claims of error relating to these instructions concern only the defendant's first special defense, that the plaintiff assumed the risk of injury under § 29-212.

Similarly, the plaintiff's remaining two claims, that the court improperly failed to deliver an instruction concerning spoliation of evidence and improperly refused to instruct the jury that exculpatory language contained in documents that the defendant provided to the plaintiff should be disregarded as a matter of public policy, relate only to the plaintiff's negligence claim against the defendant. They do not relate to the jury's ability properly to find for the defendant on either of its special defenses. The spoliation of evidence claim concerned alleged evidence of the defendant's negligence, although the court found that the plaintiff failed to establish that the evidence in question was necessary to prove an essential element of his case. The public policy argument advanced by the plaintiff against exculpatory language contained in certain documents provided to the plaintiff by the defendant also concerned only whether the jury properly could find that the defendant acted negligently. On a review of the entire record, we conclude that neither of these claims relates to the defendant's special defenses. Because none of the plaintiff's claims raised on appeal relate to the defendant's special defense of comparative negligence, the jury had an untainted route by which to reach its verdict.

Finally, the plaintiff claims that the general verdict rule is not applicable in cases involving several different specifications of negligent conduct in support of a single cause of action for negligence. The plaintiff cites to *Ziman* v. *Whitley*, 110 Conn. 108, 116, 147 A. 370 (1929), for the proposition that "[w]here . . . different specifications of fact are alleged in support of one essential right, as where various grounds of negligence are alleged as a basis for a recovery for injuries resulting

from a particular accident, it is the sounder policy to permit an appellant to take advantage upon appeal of errors affecting one specification of negligence only, even though no interrogatories have been submitted."

This claim is without merit. As noted previously, this case falls within the fourth category of cases to which the general verdict rule applies, in which the defendant denies the allegations of the complaint and pleads one or more special defenses. See *Tetreault* v. *Eslick*, supra, 271 Conn. 472. We do not interpret *Ziman* in the broad manner suggested by the plaintiff. The court in *Ziman* was contrasting the situation that it described in the language quoted previously with the situation contemplated by the third category of cases subject to the general verdict rule, in which a defendant denies separate legal theories of recovery or defense in one count or defense. See *Ziman* v. *Whitley*, supra, 110 Conn. 115 ("where in a complaint or answer, although separate counts or defenses are not stated, reliance is placed upon grounds of action or defense which are distinct, not because they involve specific sets of facts forming a part of the transaction but in the essential basis of the right relied upon, interrogatories should on proper request of counsel be submitted"). Therefore, the present case is distinguishable from *Ziman*.

The judgment is affirmed.

In this opinion the other judges concurred.