******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

USSBASY GARCIA *v.* ROBERT COHEN ET AL.
(AC 41079)

Lavine, Prescott and Bishop, Js.

*Syllabus*

The plaintiff tenant sought to recover damages from the defendants for negligence in connection with personal injuries she suffered when she fell on the rear exterior stairs of certain premises owned by the defendants. After the plaintiff submitted to the trial court a request to charge the jury and proposed jury interrogatories, the court declined to use the proposed charge and did not submit the interrogatories to the jury, which returned a general verdict for the defendants. The court rendered judgment in accordance with the verdict, from which the plaintiff appealed to this court. She claimed that the trial court improperly rejected her request to charge and failed to instruct the jury that the possessor of real property has a nondelegable duty to maintain the premises in a reasonably safe condition. *Held* that the general verdict rule precluded review of the plaintiff's claim on appeal; given that the defendants denied the plaintiff's allegation that they failed to maintain the stairs where she fell and pleaded special defenses alleging that she was comparatively negligent, that the jury returned a general verdict in favor of the defendants and that interrogatories were not submitted to the jury, this court did not know whether the trial court found that the defendants were not negligent or that the plaintiff was more than 50 percent negligent, and although the plaintiff requested interrogatories, she failed to object when the trial court did not submit her interrogatories to the jury, which was a functional equivalent of a failure to request interrogatories.

Argued January 3—officially released March 12, 2019

*Procedural History*

Action to recover damages for, inter alia, the defendants' alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the action was withdrawn in part; thereafter, the matter was tried to the jury before *Dubay, J.*; verdict for the defendants; subsequently, the court denied the plaintiff's motions to set aside the verdict and for a new trial, and rendered judgment in accordance with the verdict, from which the plaintiff appealed to this court; thereafter, the court, *Dubay, J.*, issued an articulation of its decision. *Affirmed.*

*John Serrano*, for the appellant (plaintiff).

*Keith S. McCabe*, with whom, on the brief, was *Allison Reilly-Bombara*, for the appellees (defendants).

*Opinion*

LAVINE, J. The plaintiff, Ussbasy Garcia, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendants, Robert Cohen and Diane N. Cohen. On appeal, the plaintiff claims that the court erred by rejecting her request to charge and failing to instruct the jury that the possessor of real property has a nondelegable duty to maintain the premises. We affirm the judgment of the trial court.

The record discloses the following facts that the jury reasonably could have found on the basis of the evidence presented at trial. On January 19, 2014, the defendants owned the premises at 390 West Main Street, New Britain, where the plaintiff was a tenant in a second floor apartment. At approximately 11:45 that morning, the plaintiff was carrying a basket of laundry down the rear, exterior stairs of the premises when she fell and sustained serious injuries to her left leg and ankle.

The plaintiff commenced a defective premises action against the defendants in January, 2016.[1] The plaintiff alleged that her injuries were proximately caused by the defendants' negligence in that they failed to keep the stairs free of dirt and sand; permitted the steps to become pitted, worn, and uneven; and failed to warn of the slippery condition of the stairs. The defendants denied the material allegations of the complaint and alleged certain special defenses in that the plaintiff's injuries were the result of her own negligence.[2] The plaintiff denied the allegations of the special defenses.

At trial, Robert Cohen testified, among other things, that he owned several properties and that three or four people worked with him to maintain the premises. He hired a contractor to take care of the lawn and remove snow. The plaintiff submitted a request to charge[3] and proposed jury interrogatories.[4] The court declined to use the plaintiff's proposed charge and did not submit the interrogatories to the jury.[5] Following the presentation of evidence, the jury returned a verdict in favor of the defendants. The plaintiff thereafter filed a motion to set aside the verdict on the ground that (1) the verdict was contrary to law in that the court failed to properly charge the jury in accordance with her request to charge, (2) the court failed to submit her proposed jury interrogatories to the jury, and (3) the verdict was against the evidence. The plaintiff also filed a motion for a new trial. The defendants objected to both the plaintiff's motion to set aside the verdict and her motion for a new trial. The court denied the plaintiff's motion to set aside the verdict and her motion for a new trial.

The plaintiff appealed and thereafter filed a motion for articulation with the trial court. The court granted the motion for articulation and stated: "The factual and legal basis for the court's not charging on nondelegable duty are set forth in [the] defendants' memorandum [of

law] in support of [their] objection to [the] plaintiff's motion for a new trial . . . . The court specifically adopted the legal basis and factual analysis in its ruling. There was no evidence or argument that anyone other than the defendants [were] responsible for the maintenance of the stairway."

On appeal, the plaintiff claims that the court erred in refusing to give her proposed charge that the possessor of real property has a nondelegable duty to maintain the premises in a reasonably safe condition for invitees. During oral argument before us, we asked the parties whether the appeal was controlled by the general verdict rule and invited counsel to submit supplemental briefs on the question.[6] We now conclude that review of the plaintiff's appeal is precluded by the general verdict rule. See *Curry* v. *Burns*, 225 Conn. 782, 793, 626 A.2d 719 (1993) (general verdict rule applies on appeal to preclude certain claims).

Our Supreme Court has held that "the general verdict rule applies to the following five situations: (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) *denial of a complaint and pleading of a special defense*; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." (Emphasis added; internal quotation marks omitted.) *Tetreault* v. *Eslick*, 271 Conn. 466, 472, 857 A.2d 888 (2004). In the present case, the defendants denied the allegations of the complaint and pleaded special defenses.

"The general verdict rule provides that if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . In circumstances in which a party has requested interrogatories that fail to flesh out the basis of the jury's verdict, this court has noted that the general verdict rule is still applicable because [i]t is not the *mere submission* of interrogatories that enables [the reviewing court] to make that determination; rather, it is the submission of properly framed interrogatories that discloses the grounds for the jury's decision. . . . [I]n a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . .

"On the appellate level, the rule relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review. In a typical general verdict rule case, the record is silent regarding whether the jury verdict resulted from the issue that the appellate seeks to have adjudicated. Declining in

such a case to afford appellate scrutiny of the appellant's claims is consistent with the general principle of appellate jurisprudence that it is the appellant's responsibility to provide a record upon which reversible error may be predicated." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, 115 Conn. App. 680, 685–86, 974 A.2d 764, cert. denied, 293 Conn. 916, 979 A.2d 488 (2009).

"Our Supreme Court has held that the general verdict rule applies, inter alia, to a situation in which there has been a denial of a complaint along with the pleading of a special defense." *Turturino* v. *Hurley*, 98 Conn. App. 259, 262, 907 A.2d 1266 (2006). That is precisely the situation in the present case. The defendants denied the plaintiff's allegation that they failed to maintain the stairs where she fell. They also pleaded special defenses that alleged that the plaintiff was comparatively negligent in several ways. The jury returned a general verdict in favor of the defendants. Interrogatories were not submitted to the jury. We, therefore, do not know whether it found that the defendants were not negligent or that the plaintiff was more than 50 percent negligent.

Although the plaintiff requested that interrogatories be submitted to the jury, the court did not do so and the plaintiff failed to object. See footnote 5 of this opinion. "This court has stated that the failure of the plaintiffs to object to jury deliberation without interrogatories is the functional equivalent of a failure to request interrogatories." (Internal quotation marks omitted.) *Malaguit* v. *Ski Sundown, Inc.*, 136 Conn. App. 381, 387, 44 A.3d 901, cert. denied, 307 Conn. 902, 53 A.3d 218 (2012). Moreover, the plaintiff has not claimed on appeal that the court erred by failing to submit her interrogatories to the jury. For the foregoing reasons, the plaintiff's claim on appeal is not reviewable.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff's complaint sounded in three counts: common-law negligence, violation of the municipal housing code, and violation of the state housing code. Prior to trial, the plaintiff withdrew the counts alleging housing code violations.

[2] The defendants alleged that "the injuries and damages suffered by the plaintiff, if any, were the result of her own negligence and carelessness, in that she:

"a. Failed to watch where she was stepping;

"b. Failed to step over, away from or around the defective and dangerous condition she claims existed;

"c. Failed to be attentive to her surroundings; and

"d. Failed to exercise that degree of care that an ordinarily prudent person would have exercised while using the premises under the circumstances and conditions then existing."

[3] The plaintiff requested that the court charge that "[t]he defendant Robert Cohen, as the one in control of the premises, had what we call a nondelegable duty to maintain the safety of the premises. This means that he owed a duty to exercise ordinary care to maintain the premises in a reasonably safe condition. The plaintiff . . . had no duty to maintain the premises in a safe condition.

"Although the defendant may contract out the performance of that duty, he may not contract out ultimate legal responsibility. In other words, the defendant is responsible for the damages to which the plaintiff may be entitled as a result of his negligence, and he cannot escape liability for any such injury by claiming he had contracted with someone else to maintain the premises in a reasonably safe condition."

[4] The plaintiff filed the following proposed jury interrogatories:

"1. Were the plaintiff's fall and resulting injuries and losses caused by the defendants' negligence and carelessness in failing to maintain the steps of the rear staircase at the premises clean, clear and free of dirt and sand?

"2. Were the plaintiff's fall and resulting injuries and losses caused by the defendants' negligence and carelessness in allowing the surface of the steps of the rear staircase at the premises to become pitted, worn and uneven?

"3. Were the plaintiff's fall and resulting injuries and losses caused by her failure to exercise the degree of care that an ordinary person would have exercised while using the premises under the circumstances and conditions then existing?"

[5] The record discloses the following colloquy between the court and counsel for the plaintiff:

"The Court: . . . Any preliminary matters?

"[The Plaintiff's Counsel]: Just the fact that I had filed jury instructions—proposed jury instructions and jury interrogatories, and my understanding is the court is going to disallow those.

"The Court: Yeah, I don't think the interrogatories are necessary inasmuch as I'm . . . . I don't think the interrogatories are necessary, and I don't think that the nondelegable duty charge is necessary because I'm specifically charging the jury—or I intend to, specifically intend to, charge the jury on the duties that are owed to an invitee. Okay.

"[The Plaintiff's Counsel]: Very well. Thank you . . . for considering them."

[6] We sua sponte issued an order stating that "[t]he parties are hereby . . . permitted to file supplemental briefs of no more than ten pages on or before January 14, 2019, to address the following question: does the general verdict rule apply to the reviewability of the issues in this appeal?"

[7] The record discloses that shortly before the jury returned its general verdict, it sent a note to the court asking what would happen if it concluded that neither side was negligent. We, however, cannot presume that the jury decided the case on the basis of that conclusion when it resumed its deliberations.

───────────────────────