******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

USSBASY GARCIA *v.* ROBERT COHEN ET AL.
(SC 20585)

Robinson, C. J., and McDonald, D'Auria,
Mullins, Ecker and Alexander, Js.

Submitted on briefs May 4—officially released July 19, 2022

*Procedural History*

Action to recover damages for, inter alia, the defendants' alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Hartford, where certain counts of the complaint were withdrawn; thereafter, the case was tried to the jury before *Dubay, J.*; verdict and judgment for the defendants, from which the plaintiff appealed to the Appellate Court, *Lavine, Prescott* and *Bishop, Js.*, which affirmed the trial court's judgment; subsequently, the plaintiff, on the granting of certification, appealed to this court, which reversed the Appellate Court's judgment and remanded the case to that court for further proceedings; subsequently, the Appellate Court, *Prescott* and *Bishop, Js.*, with *Lavine, J.*, dissenting, reversed the trial court's judgment and remanded the case to that court for a new trial, and the defendants, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Keith S. McCabe* submitted a brief for the appellants (defendants).

*John Serrano* submitted a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The plaintiff, Ussbasy Garcia, filed a premises liability action against the defendants, Robert Cohen and Diane Cohen, alleging, in relevant part, that their negligent maintenance of an exterior staircase caused the plaintiff to slip, fall, and sustain physical injuries. The jury found in favor of the defendants, and the plaintiff appealed, claiming that the trial court improperly had denied her request for a jury instruction on the nondelegable duty doctrine, pursuant to which property owners are held vicariously liable for the tortious conduct of their independent contractors. A majority of the Appellate Court agreed, holding that "[t]he proposed nondelegable duty charge was relevant to the issues in this case, was an accurate statement of the law, and was reasonably supported by the evidence adduced at trial." *Garcia* v. *Cohen*, 204 Conn. App. 25, 35, 253 A.3d 46 (2021).[1] The Appellate Court further determined that the instructional impropriety was not harmless in light of our reasoning in *Garcia* v. *Cohen*, 335 Conn. 3, 23–24, 225 A.3d 653 (2020),[2] that "the jury could have concluded that the [independent contractors], rather than the defendants, acted negligently, and for that reason found that the defendants had *not* acted negligently or had acted less negligently than the plaintiff . . . [leaving the jury with] no untainted route to the verdict." (Emphasis in original; internal quotation marks omitted.) *Garcia* v. *Cohen*, supra, 204 Conn. App. 36–37. We granted the defendants' petition for certification to appeal to determine whether "the Appellate Court correctly conclude[d] that the trial court had committed reversible error by not giving the nondelegable duty charge . . . ." *Garcia* v. *Cohen*, 336 Conn. 944, 249 A.3d 737 (2021).

After examining the entire record on appeal and considering the parties' briefs,[3] we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

[1] Judge Lavine issued a dissenting opinion, in which he expressed his view that "this case falls outside the purview of the nondelegable duty doctrine" because the defendants did not "attempt to dodge or to deny responsibility for the condition of the stairway on which the plaintiff fell." *Garcia* v. *Cohen*, supra, 204 Conn. App. 39 (*Lavine*, *J.*, dissenting).

[2] In *Garcia* v. *Cohen*, supra, 335 Conn. 3, we addressed whether the Appellate Court properly declined to review the plaintiff's instructional claim under the general verdict rule "because the plaintiff had failed to object when the trial court denied her request to submit her proposed interrogatories to the jury"; id., 5; rendering it unclear whether the jury's verdict was predicated on a finding that the defendants were not negligent or on a finding that the plaintiff was contributorily negligent. See *Garcia* v. *Cohen*, 188 Conn. App. 380, 386, 204 A.3d 1245 (2019) (in light of defendants' special defense of contributory negligence, it was unclear whether jury "found that the defendants were not negligent or that the plaintiff was more than 50 percent negligent"), rev'd, 335 Conn. 3, 225 A.3d 653 (2020). We held that the general verdict rule did not bar appellate review of the plaintiff's claim "because the plaintiff had requested that the trial court submit her properly framed interrogatories to the jury and had objected when it denied her request." *Garcia* v. *Cohen*, supra, 335 Conn. 6. Additionally, the plaintiff's cause of

action and the defendants' special defense were " 'intertwined' " such that the jury's "negligence determinations may have been different if the jury had been instructed that any negligence by the [independent contractors] should have been attributed to the defendants, a difference that could have tipped the balance in the defendants' favor." Id., 26. Accordingly, we reversed the judgment of the Appellate Court and "remanded the case to that court with direction to consider the plaintiff's claim of instructional error." Id., 28.

[3] The parties agreed to waive oral argument and to have this appeal decided on the basis of the record and briefs.

––––––––––––––––––––––––––––